IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| CORTEZ DIGGS, | : | CASE NO. 18-cr-468 |
| | : | 22-cv-487 |
| Petitioner, | : | OPINION & ORDER |
| | : | [Resolving Doc. 36] |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |
| | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Petitioner Cortez Diggs moves to vacate his sentence under 28 U.S.C. § 2255. Because Petitioner's motion is untimely, the Court **DENIES** Petitioner his request for post-conviction relief.

I. Background[1]

On October 22, 2018, Petitioner Diggs pled guilty to a five-count indictment for various drug and firearm offenses.[2] The Court then sentenced Diggs on February 4, 2019 to a 170-month term and entered judgment that same day.[3] Diggs never filed a direct appeal of either his conviction or his sentence.[4]

Instead, on March 16, 2022, Diggs filed this motion for § 2255 relief, arguing that he received ineffective assistance of counsel precisely because his counsel failed to file a direct appeal,[5] and also because his counsel did not object at sentencing to the Court's

---

[1] Due to technical issues, PageID numbers are not available for citation at the time of this writing. The Court has nevertheless made an effort to provide citations to the record that can be easily identified.
[2] Doc. 16.
[3] Doc. 21, 22.
[4] Diggs did file a May 2021 motion for compassionate relief under the First Step Act that the Court denied for failure to demonstrate extraordinary and compelling reasons for release. (Doc. 27, 35).
[5] Doc. 36-1 at 5.

Case No. 18-cr-468
GWIN, J.

determination that Diggs had two prior felony convictions that qualified him for career offender sentencing enhancements.[6]

## II. Discussion

"The language of § 2255 provides that [...] the one-year statute of limitations for § 2255 motions begins to run on 'the date on which the judgment of conviction becomes final.'"[7] And a "judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."[8]

Here, the Court sentenced Diggs on February 4, 2019. Diggs then had 14 days to file a direct appeal.[9] Diggs did not file an appeal, so his judgment became final 14 days after his sentencing. From there, the one-year statute of limitations for Diggs to bring his § 2255 motion began to run until his habeas window closed in March 2021.

Diggs did not file this petition until March 14, 2022, roughly one year late. Thus, his petition is time-barred.

## III. Conclusion

The Court **DENIES** Petitioner Diggs's habeas writ and **DISMISSES** it with prejudice.

IT IS SO ORDERED.

Dated: April 3, 2023         *s/   James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE

---

[6] *Id.* at 7. Diggs's court-appointed public defender then filed a notice in October 2022 that she did not intend to supplement his petition. (Doc. 42).
[7] *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004) (quoting 28 U.S.C. § 2255).
[8] *Id.* at 427; *Blain v. United States*, 766 F. App'x 327, 329 (6th Cir. 2019) (same).
[9] Fed. R. App. P. 4(b)(1)(A).